## IN THE OREGON TAX COURT

Douglas W. PEGAR
*v.*
DEPARTMENT OF REVENUE
(TC 2890)

Edwin N. Storz, Vancouver, Washington represented plaintiff.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Plaintiff's Motion For Summary Judgment granted January 11, 1990.

### CARL N. BYERS, Judge.

This matter is before the court on cross-motions for summary judgment. The facts are taken from the complaint as admitted by defendant and plaintiff's uncontroverted affidavit.

Plaintiff is an Oregon resident leasing real property in Clackamas County. In 1983, plaintiff began constructing a hydroelectric "alternative energy system" (AES) on the property. Plaintiff completed construction and began operating

the AES in 1985. Plaintiff sells the energy produced by the AES to Portland General Electric Company.

■ Contrary to plaintiff's expectations, defendant assessed the value of plaintiff's AES for ad valorem taxation. Plaintiff claims the value of his AES is exempt from ad valorem taxation under ORS 307.175 which provides:

> "(1) Property equipped with solar, geothermal, wind, water or methane gas energy systems for the purpose of heating, cooling or generating electrical energy shall be exempt from ad valorem taxation in an amount that equals any positive amount obtained by subtracting the true cash value of the property as if it were not equipped with such systems, from the true cash value of the property so equipped.

> "(2) This section applies to assessment years beginning on or after January 1, 1976, but prior to January 1, 1998.

> "(3) This section shall not apply to property owned or leased by any individual or legal entity whose principal business activity is directly or indirectly the production, transportation or distribution of energy, including but not limited to public utilities as defined in ORS 757.005 and people's utility districts as defined in ORS 261.010."

Defendant claims that plaintiff's property does not qualify for exemption because plaintiff does not use the energy produced by the AES on the property. Defendant relies upon its rule interpreting the statute. OAR 150-307.175. Counsel for defendant concedes that if defendant's rule is invalid, plaintiff prevails.

Several parts of the rule impact the facts here.[1] Subsection (2)(b) of the rule defines "property" to exclude land and to require electric energy to be consumed in the functioning or use of the property. Likewise, subsection (3)(a) defines "Property equipped" to mean that the AES supplies "in whole or part the electric energy needs of the property so equipped." Finally, subsection (4), defines "Principal Business Activity."

---

[1] Subsection 1 of the rule provides:

"This rule is limited in its definitions and applicability to those solar, geothermal, wind, water or methane gas energy systems whose purpose is the generating of electric energy. It does not apply to an energy system that provides heating or cooling directly without generating electric energy."

It would appear from this limitation that the rule does not apply to all alternative energy systems that may fall under ORS 307.175.

It provides that an owner who uses at least 50 percent of the energy generated by the AES on the property is not disqualified for the exemption. Also, if the owner sells more than 50 percent of the energy generated by the AES and operates the AES for a profit on a regular basis, the owner may be disqualified for exemption.

The narrow issue is what does the term "Property equipped" mean? Defendant contends that it means the equipment must be used for operating the property. Plaintiff contends that it merely means that the equipment is on the property.

If "equipped" implies that the AES is to be used for operating the property, the next logical question is how much of it must be used? No standard or requirement is set forth in the statute. Defendant's rule requires 50 percent or more of the energy produced be used on the property. The court finds that defendant's rule is inconsistent with the statute.

Apparently, the 50 percent requirement of the rule is intended to relate to the "principal business activity" limitation of subsection (3). "Principal" may mean more than 50 percent. However, that term is not a measure of the energy used by the property. "Principal" in the statute is used to measure the business activity of the "individual or legal entity." The "whose" in the statute refers to the individual or legal entity owning or leasing the property, not to the property.

The rule recognizes this by describing the "person" as the one who has the "principal business activity." OAR 150-307.175(4)(b). There is nothing in the statute which would permit converting the "principal business activity" of an individual into a principal use requirement for the property. To sustain the department's rule would require the court to add words to the statute so it would read:

> "Property equipped with solar, geothermal, wind, water or methane gas energy systems for the purpose of heating, cooling or generating electrical energy *principally for use on such property* shall be exempt from ad valorem taxation."

The court cannot insert such words. ORS 174.010.

Defendant argues that the intent of the legislature was conservation and not production of energy. If that is the

case, it did not adequately express such intent. The statute was last amended in 1979. At that time, the legislature also amended the income tax credit provisions and the provisions relating to certification by the Department of Energy. Or Laws 1979, ch 670. Those other provisions contain substantially more detail than is found in ORS 307.175. Despite the specific requirements of those other provisions, the legislature did not expand on its intent as to ORS 307.175.

Reduced to its basic elements, the statute in question simply exempts property equipped with an AES. The term "equipped" does not address the use of the equipment. Given a broad meaning, the term may imply that the AES is available for use by the property, but there is no inference that it must be used. There could be many reasons why an AES might not be used. The equipment might be idle because it is in need of repairs. The owner might determine to use the system only during high energy cost periods or high energy use periods. The term "equipped" is too broad to conclude that the energy produced by an AES must be used on the property.

The court finds that plaintiff's Motion For Summary Judgment should be granted and defendant's Cross Motion For Summary Judgment should be denied. Now, therefore,

IT IS ORDERED that plaintiff's Motion For Summary Judgment be, and hereby is, granted; and

IT IS FURTHER ORDERED that defendant's Cross Motion For Summary Judgment be, and hereby is, denied.

Costs to neither party.